UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CARLTON EUGENE HOOKER JR.,
    Plaintiff,
v.                                                      Case No. 8:21-cv-2557-KKM-JSS

SECRETARY OF VETERANS AFFAIRS,
    Defendant.
_____/

# ORDER

Pro se plaintiff Carlton Hooker brings claims against the Secretary of Veterans Affairs that are all too familiar to this Court. (Doc. 1); *see also Hooker v. Dep't of Veterans Affairs*, No. 8:20-cv-2750-SDM-AEP; *Hooker v. Dep't of Veterans Affairs*, No. 8:20-cv-2994-CEH-TGW; *Hooker v. USDOJ-Executive Off. of U.S. Att'ys*, No. 8:20-cv-2749-SDM-TGW; *Hooker v. Mulcahy*, No. 8:20-cv-1788-CEH-JSS; *Hooker v. Wilkie et al.*, No. 8:20-cv-1248-WFJ-CPT; *Hooker v. Sec'y, Dep't of Veterans of Affairs*, No. 8:18-cv-2000-CEH-JSS. For the reasons stated in the Secretary's motion to dismiss (Doc. 13), Hooker's claims are dismissed with prejudice. The Court also imposes a prefiling injunction to protect itself from Hooker's abusive conduct.

Multiple judges in this Court have warned Hooker about bringing repetitive,

frivolous claims under the Freedom of Information Act against the Secretary. *See Hooker v. Dept' of Veterans Affairs*, No. 8:20-cv-2750-SDM-AEP (Doc. 22). And his employment discrimination claims against the Secretary have been dismissed with prejudice because, among other reasons, his claims are barred by res judicata. *See Hooker v. Sec'y, U.S. Dep't of Veterans Affairs*, 607 F. App'x 918 (11th Cir. 2015). Moreover, Hooker has been warned (recently, in fact) that continued meritless filings would cause the Court to issue a prefiling injunction. *See Hooker v. Dep't of Veterans Affairs*, No. 8:20-cv-2750-SDM-AEP (Doc. 22) (warning Hooker that repeating his claims in different cases might result in the Court imposing a prefiling injunction). Of course, he is acquainted with this sanction already. *See Hooker v. Hopkins*, No. 8:15-cv-750-T-30TGW (Doc. 4) (issuing sua sponte prefiling injunction against Hooker because he repeatedly brought frivolous claims for employment discrimination against the Department of Veterans Affairs).

  Simply put: Enough is enough. Hooker's incessant and frivolous litigation is an egregious abuse of judicial resources, and an injunction is necessary to prevent "further harassment of [the Secretary], further clogging of the judicial machinery with meritless pleadings, and further overloading of already overloaded court dockets." *Riccard v. Prudential Ins. Co.*, 307 F.3d 1277, 1295 (11th Cir. 2002) (Ed Carnes, J.) (quoting district court and affirming monetary sanctions against plaintiff who filed numerous frivolous

2

complaints). This Court possesses the power to issue prefiling injunctions "to protect against abusive and vexatious litigation." *Martin-Trigona v. Shaw*, 986 F.2d 1384 (11th Cir. 1993). To do so under the All Writs Act, the Court concludes that (1) the Secretary has substantial likelihood of success on the merits because Hooker's claims are meritless and barred by res judicata, *see Hooker*, 607 F. App'x 918; (2) irreparable injury will occur against the Secretary without an injunction as he must routinely defend against Hooker's frivolous filings, *see Riccard*, 307 F.3d at 1295; (3) the threatened injury to the Secretary outweighs whatever damage Hooker will incur as a result of requiring him to have any filed paper signed by counsel, *see Procup v. Strickland*, 792 F.2d 1069, 1074 (11th Cir. 1986) ("[The plaintiff] just cannot be completely foreclosed from any access to the court."); and (4) the injunction is unequivocally in the public's interest by reducing the judicial backlog through preventing Hooker's vain litigation tactics. *See Laosebikan v. Coca-Cola Co.*, 415 F. App'x 211, 214–15 (11th Cir. 2011). Hooker will not be significantly harmed from the prefiling injunction because he still will have access to courts as described below.

Therefore, the following is **ORDERED**:

1. The Secretary's motion to dismiss (Doc. 13) is **GRANTED.**

2. This action is **DISMISSED WITH PREJUDICE** as frivolous.

3. Carlton Eugene Hooker Jr. is **ENJOINED** from filing any new action, complaint, or claim for relief against the Secretary of Veterans Affairs related

to his employment in federal court, state court, or any other forum. Hooker may not file any case or papers related to his employment against the Secretary without a member who is in good standing with the Florida Bar and eligible to practice before courts in the Middle District of Florida signing the paper. If Hooker files papers pro se after entry of this Order, the papers will be stricken and disregarded by the Court. If he continues to file papers after his papers have been stricken, the papers will be ignored by the Court and deemed a nullity. Hooker's disregard of this order will result in the Court considering imposing monetary sanctions against him.

4. The Secretary's motion to stay deadlines (Doc. 19) is **DENIED as moot**.

5. Hooker's other pending motions (Docs. 11, 12, 18, 20, 23, 24, 25) are **DENIED**.

6. The Clerk is directed to terminate any pending motions and deadlines and to close this case.

**ENTERED** in Tampa, Florida, on August 9, 2021.

_____
Kathryn Kimball Mizelle
United States District Judge